**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Dougherty*, **Slip Opinion No. 2021-Ohio-1240.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1240

DISCIPLINARY COUNSEL *v*. DOUGHERTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Dougherty*, Slip Opinion No. 2021-Ohio-1240.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Knowingly disobeying an obligation under the rules of a tribunal—Failure to keep a client reasonably informed about the status of a matter—Failure to cooperate with a disciplinary investigation—Two-year suspension, with conditions.*

(No. 2020-1514—Submitted January 27, 2021—Decided April 14, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-023.

_____

**Per Curiam.**

{¶ 1} Respondent, Timothy Raymond Dougherty, of Las Cruces, New Mexico, Attorney Registration No. 0064500, was admitted to the practice of law in Ohio in 1995.

**{¶ 2}** On October 30, 2019, we suspended Dougherty for two years, with the second year conditionally stayed, for multiple ethical violations after he neglected a client's legal matter, failed to hold client funds and property in trust, failed to take reasonable steps to protect a client's interests upon the termination of his employment, and aided a suspended attorney in the unauthorized practice of law. *See Disciplinary Counsel v. Dougherty and Cicero*, 157 Ohio St.3d 486, 2019-Ohio-4418, 137 N.E.3d 1174. On January 23, 2020, we found Dougherty in contempt for failing to surrender his attorney-registration card and timely file an affidavit of compliance. *See Disciplinary Counsel v. Dougherty*, 157 Ohio St.3d 1547, 2020-Ohio-179, 138 N.E.3d 1139. Several weeks later, disciplinary counsel filed a motion to lift the stay and impose the remainder of Dougherty's suspension based on his failure to pay restitution ordered by this court. Dougherty failed to respond to a show-cause order, and on April 13, 2020, we found him in contempt for a second time, revoked the stay, and ordered him to serve the entire two-year suspension. *See Disciplinary Counsel v. Dougherty*, 158 Ohio St.3d 1463, 2020-Ohio-1424, 142 N.E.3d 685.

**{¶ 3}** In an April 29, 2020 complaint, relator, disciplinary counsel, alleged that Dougherty committed multiple ethical violations arising from his abandonment of two clients' legal matters and failure to cooperate in the ensuing disciplinary investigation.

**{¶ 4}** The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors, and Dougherty testified at a hearing before a three-member panel of the Board of Professional Conduct. The board issued a report finding that Dougherty had committed the charged misconduct and recommending that he be suspended from the practice of law for two years, to run concurrently with the suspension imposed on October 30, 2019, and that we impose additional conditions on his reinstatement. No objections have been filed.

{¶ 5} We adopt the board's findings of misconduct and recommended sanction, with the exception that the current suspension shall be deemed to have commenced on April 13, 2020.

**Facts and Misconduct**

*Background*

{¶ 6} Dougherty moved to New Mexico on May 12, 2019—four days after his first disciplinary case was submitted to this court. At the November 13, 2020 hearing in this disciplinary case, Dougherty testified that when he moved to New Mexico, he delegated his professional responsibilities in his pending client matters to two individuals with whom he had previously shared office space— attorney Ric Daniell (who represented Dougherty in his first disciplinary case) and suspended attorney Chris Cicero (who was also a named respondent in Dougherty's first disciplinary case).

*Count I—The Poindexter Matter*

{¶ 7} In June 2017, Dougherty entered an appearance in a criminal case that was pending against Jashon Poindexter in the Franklin County Court of Common Pleas. After several continuances, Dougherty appeared at a pretrial hearing on April 9, 2019. At that hearing, the court continued Poindexter's trial to May 13, 2019, and informed counsel that no further continuances would be granted.

{¶ 8} Dougherty moved to New Mexico on May 12, 2019, without notifying the court or filing a motion to withdraw from Poindexter's case as required by Loc.R. 18.01 and 18.02 of the Court of Common Pleas of Franklin County, General Division (requiring an attorney desiring to withdraw from representation to file a motion to withdraw at least 20 days before trial or obtain direct permission from the court in extraordinary circumstances). The next day, Daniell appeared at Poindexter's trial on Dougherty's behalf but did not file a notice of substitution of counsel. After explaining Dougherty's absence, Daniell

requested a continuance to prepare for the trial. Although Poindexter briefly appeared at the courthouse, he soon fled.

{¶ 9} While the judge attempted to call Dougherty, Daniell left a motion for a continuance that did not include Poindexter's signature or indicate his approval with the bailiff and departed the courthouse. Unable to reach Dougherty, the judge denied the motion and issued a warrant for Poindexter's arrest. The next day, the judge e-mailed Dougherty to inform him of what had transpired. The judge also advised Dougherty that if he did not receive a response within 24 hours, he would schedule a show-cause hearing to determine whether Dougherty should be held in contempt of court.

{¶ 10} Cicero responded to the judge's e-mail from Dougherty's e-mail account. He explained the circumstances of Dougherty's move and represented that Daniell planned to file a substitution of counsel later that day—though Daniell never filed the document.

{¶ 11} Dougherty did not respond to the judge's communications. Nor did he comply with our October 30, 2019 suspension order, which required him to file a notice of disqualification within 30 days with any court in which he had pending litigation. Nearly ten months after we suspended his license to practice law, Dougherty filed a motion to withdraw from Poindexter's case and the court granted the motion. In September 2020, Poindexter remained at large.

{¶ 12} The parties stipulated and the board found that Dougherty's conduct violated Prof.Cond.R. 1.16(c) (a lawyer shall not withdraw from representation in a proceeding without leave of court if the rules of the tribunal so require), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

*Count II—The McGonigle Matter*

{¶ 13} On December 6, 2018, Dixie McGonigle hired Dougherty to represent her in a custody case and paid him a $500 retainer. Dougherty entered a notice of appearance that day. He later filed a motion to modify temporary orders and twice appeared in court on McGonigle's behalf. On March 12, 2019, Dougherty was present in court and signed a continuance order that set the next hearing for May 8, 2019. Dougherty failed to appear for the May 8, 2019 hearing and did not inform his client that he could not continue the representation. Nor did he file a motion to continue the hearing or withdraw from the case. The court granted McGonigle a continuance to retain new counsel. The next day, McGonigle sent Dougherty a text message requesting a refund, but he did not timely respond to her request. However, the parties have stipulated that Dougherty earned McGonigle's entire $500 payment.

{¶ 14} The parties stipulated and the board found that this conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.16(d), and 8.4(d).

*Count III—Failure to Cooperate*

{¶ 15} In October and November 2019, relator sent Dougherty letters of inquiry regarding the Poindexter and McGonigle matters. Dougherty signed for both certified mailings but failed to respond. In January 2020, Dougherty sent relator an e-mail regarding his failure to pay the restitution that was ordered in his prior disciplinary matter, but he did not address the new allegations against him. Relator replied to that e-mail and advised Dougherty that his failure to respond to the new allegations could result in the filing of a formal disciplinary complaint. Later that day, Daniell e-mailed relator asking that the letters of inquiry be forwarded to him so that he could respond on Dougherty's behalf. Relator forwarded both letters of inquiry to Daniell and responded to his request for

additional information, but neither Dougherty nor Daniell responded to the letters of inquiry.

{¶ 16} The parties stipulated and the board found that Dougherty's conduct during the disciplinary investigation violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(9)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

{¶ 17} We adopt the board's findings of misconduct with respect to each of these three counts.

**Sanction**

{¶ 18} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases. We have consistently stated that "in determining the appropriate length of the suspension and any attendant conditions, we must recognize that the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public." *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53.

{¶ 19} As aggravating factors, the parties stipulated and the board found that Dougherty has a prior disciplinary record and that he committed multiple offenses and failed to cooperate in relator's investigation. *See* Gov.Bar R. V(13)(B)(1), (4), and (5). In mitigation, the board accepted the parties' stipulations that Dougherty did not act with a dishonest or selfish motive and made full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings *after* relator filed the formal complaint. *See* Gov.Bar R. V(13)(C)(2) and (4). The board acknowledged Dougherty's testimony that he alone was responsible for complying with all of the requirements for withdrawing from the Poindexter and McGonigle matters, that he has not worked in the legal profession since he moved to New Mexico, and

that he presently has no plans to return to Ohio. The board also attributed mitigating effect to Dougherty's sincere expression of remorse for his misconduct.

{¶ 20} The parties jointly recommended that Dougherty be suspended for two years and that his suspension run concurrently with the suspension imposed in his first disciplinary case. In support of the concurrent suspension, the parties relied on *Columbus Bar Assn. v. Roseman*, 156 Ohio St.3d 485, 2019-Ohio-1850, 129 N.E.3d 422. Roseman neglected a couple's personal-injury matter, failed to reasonably communicate with the clients, settled their case without their consent, and effectively abandoned their case without performing the work necessary to collect the settlement proceeds. He also failed to cooperate in the resulting disciplinary investigation. No mitigating factors were present, and we attributed aggravating effect to Roseman's prior discipline, multiple rule violations, and harm to vulnerable clients. We imposed a two-year suspension for Roseman's misconduct and ordered it to be served concurrently with the one-year partially stayed suspension that we had imposed in his prior discipline case nearly three years earlier, from which he had not yet been reinstated. *Id.* at ¶ 2, 27.

{¶ 21} The board also considered two cases in which we imposed two-year suspensions with 18 months conditionally stayed on attorneys who, like Dougherty, effectively abandoned their clients. In *Disciplinary Counsel v. Brueggeman*, 160 Ohio St.3d 198, 2020-Ohio-1578, 155 N.E.3d 833, an attorney neglected the legal matters of two clients, failed to reasonably communicate with those clients, and failed to provide one of them with competent representation. And in *Disciplinary Counsel v. Hoppel*, 129 Ohio St.3d 53, 2011-Ohio-2672, 950 N.E.2d 171, the attorney accepted retainers from 14 separate clients, converted that money to his own use, failed to perform the contracted work, and failed to appear at multiple hearings on behalf of the affected clients.

{¶ 22} The board found that the jointly recommended sanction in this case fell well within the parameters of the sanctions imposed in comparable cases and that running the two-year suspension concurrently with Dougherty's earlier suspension would achieve an outcome similar to that of *Brueggeman* and *Hoppel*. In addition, the board recommends Dougherty's reinstatement be conditioned upon the completion of 12 hours of continuing legal education ("CLE") on the subject of law-office management and payment of the costs of this proceeding and that upon reinstatement, he be required to serve a two-year period of monitored probation, also focused on law-office management.

{¶ 23} After independently reviewing the record and our precedent, we adopt the board's recommended sanction, with the exception that the suspension shall be deemed to have commenced on April 13, 2020—the date that we revoked the stay of the two-year suspension imposed on October 30, 2019 in case No. 2018-1766.

**Conclusion**

{¶ 24} Accordingly, Timothy Raymond Dougherty is suspended from the practice of law in Ohio for two years, which suspension shall be deemed to have commenced on April 13, 2020. In addition to the conditions set forth in our October 30, 2019 suspension order in case No. 2018-1766 and the requirements of Gov.Bar R. V(24), Dougherty's reinstatement shall be conditioned on the completion of 12 hours of CLE on the subject of law-office management. Upon reinstatement to the practice of law, Dougherty shall serve a two-year period of monitored probation pursuant to Gov.Bar R. V(21), with monitoring focused on law-office management. Costs are taxed to Dougherty.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Lia J. Meehan and Matthew A. Kanai, Assistant Disciplinary Counsel, for relator.

Timothy Raymond Dougherty, pro se.

_____